# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10292
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Troy Dontae Williams,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-119-1

———————————————————————

Before Willett, Duncan, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Troy Dontae Williams pleaded guilty of possession of a firearm by a felon. He argues for the first time on appeal that the district court erred in accepting his guilty plea because 18 U.S.C. § 922(g)(1) infringes the Second Amendment. He also reurges his argument that § 922(g)(1) is unconstitutional because it exceeds Congress's authority under the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Commerce Clause, and the district court therefore misadvised him of the nature of his offense and erroneously accepted the factual basis for his guilty plea, in violation of Federal Rules of Criminal Procedure 11(b)(1)(G), 11(b)(3).

Because Williams did not raise his Second Amendment challenge before the district court, we review it for plain error. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To prevail under this standard, he must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alteration omitted).

Williams's Second Amendment argument is grounded in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which announced a new test for assessing whether a statute infringes the Second Amendment. 597 U.S. at 17. We recently rejected the argument, on plain error review, that § 922(g)(1) infringes the Second Amendment under *Bruen. See United States v. Jones,* _____ F.4th _____, No. 23-10198, 2023 WL 8074295, at *1-2 (5th Cir. Nov. 21, 2023). Williams's *Bruen* contention therefore is unavailing.

We have consistently upheld the constitutionality of § 922(g)(1) as "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Accordingly, Williams correctly concedes that his Commerce Clause challenge is foreclosed. Because Williams's Rule 11 challenges are predicated on his Commerce Clause challenge, it follows that the district court did not violate Rule 11.

AFFIRMED.